IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-230-D

FABRIZIO FRANCO RICCARDO )
ANDREA RENZO MARIA BLASI, )
 )
              Petitioner, )
 )
v. ) **ORDER**
 )
LAURIE ANN DUNNAGAN )
 )
              Respondent. )

On January 16, 2025, Fabrizio Franco Riccardo Andrea Renzo Maria Blasi ("Blasi" or "petitioner") filed a wrongful removal petition concerning his seven-year-old daughter ("A.V.A.B.") under the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001 et seq., against Laurie Ann Dunnagan ("Dunnagan" or "respondent") [D.E. 1]. On March 20, 2025, Dunnagan filed an answer and moved for abstention under Younger v. Harris, 401 U.S. 37 (1971) [D.E. 9]. On March 31, 2025, Blasi responded in opposition [D.E. 12]. As explained below, the court denies Dunnagan's motion for Younger abstention.

I.

This case concerns an international child custody dispute involving three people. Blasi, the father, is an Italian citizen who resides in Phuket, Thailand. See Compl. [D.E. 1] ¶¶ 6–7; [D.E. 9] ¶¶ 6–7. Dunnagan, the mother, is a dual Italian-American citizen who resides in Wilmington, North Carolina. See Compl. ¶¶ 6–7; [D.E. 9] ¶¶ 5–7. Their daughter, A.V.A.B., is seven years old and the couple's only child. See Compl. ¶ 9; [D.E. 9] ¶ 9.

Although Blasi and Dunnagan dispute when they officially married, both agree that they had a wedding ceremony on June 21, 2004, in Turin, Italy. See Compl. ¶ 8; [D.E. 9] ¶ 8. On December 8, 2017, A.V.A.B. was born in Thailand. See Compl. ¶ 9; [D.E. 9] ¶ 9. In June 2023, Dunnagan and A.V.A.B. traveled to Wilmington, North Carolina, where they continue to reside. See Compl. ¶¶ 7, 15; [D.E. 9] ¶¶ 5, 15.[1] Since June 2023, Blasi has filed custody actions concerning A.V.A.B in Italy and Thailand. See Compl. ¶ 22; [D.E. 9] ¶ 22. Dunnagan has not filed a custody action concerning A.V.A.B. in North Carolina or any other jurisdiction. On January 16, 2025, Blasi filed a wrongful removal petition. See [D.E. 1].

II.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976); see Air Evac EMS, Inc. v. McVey, 37 F.4th 89, 96 (4th Cir. 2022). When a court has jurisdiction, it generally has a "duty . . . to adjudicate a controversy properly before it." Colo. River, 424 U.S. at 813; see McVey, 37 F.4th at 96. The court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Blasi filed his wrongful removal petition under ICARA, [D.E. 1] 2, a set of federal statutes enacted to provide a cause of action for individuals seeking to enforce certain parental rights under the Hague Convention. See 22 U.S.C. § 9001(a)(4). Thus, the court has jurisdiction under 28 U.S.C. § 1331.

Dunnagan asks the court to enter an order "analogous to Younger v. Harris, 401 U.S. 37 (1971), pending the outcome of Petitioner's child custody case filed in Italy." [D.E. 9] 1. Under Younger and its progeny, a federal court must abstain from interfering in state proceedings, even

---

[1] Dunnagan's answer contains typos concerning the relevant year when Dunnagan left Thailand. Compare [D.E. 9] ¶¶ 15, 20 (referring to 2024), with [D.E. 9] 8–11 (referring to 2023).

2

if jurisdiction exists, when "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006); see Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 73–74 (2013); Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432–34, (1982); McVey, 37 F.4th at 93; Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165 (4th Cir. 2008); Gilbert v. N. Carolina State Bar, 660 F. Supp. 2d 636, 643 (E.D.N.C. 2009); Hazbun Escaf v. Rodriquez, 191 F. Supp. 2d 685, 692 (E.D. Va. 2002), aff'd sub nom. Escaf v. Rodriguez, 52 F. App'x 207 (4th Cir. 2002) (per curiam) (unpublished). The moving force behind Younger abstention is "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Younger, 401 U.S. at 44.

Dunnagan argues that the child custody action in Italy justifies Younger abstention. See [D.E. 9] 1–2. No. Although Italy is a "state" in the international sense, it is not a "state" for the purposes of Younger abstention. Younger and its progeny are premised on principles of federalism, "a recognition of the fact that the entire country is made up of a Union of separate state governments[.]" Younger, 401 U.S. at 44. Dunnagan, however, never filed an action in state court. Thus, Dunnagan fails to satisfy Younger's threshold requirement of a preexisting and ongoing state judicial proceeding. See, e.g., Sprint, 571 U.S. at 73–74; Middlesex Cnty., 457 U.S. at 432–34; McVey, 37 F.4th at 93; Wilson, 519 F.3d at 165; Nivens, 444 F.3d at 241; Gilbert, 660 F. Supp. 2d at 643; Rodriquez, 191 F. Supp. 2d at 692.

3

To the extent that Dunnagan seeks abstention under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), Dunnagan is mistaken. The threshold inquiry in determining whether Colorado River abstention applies is whether there are parallel federal and state actions. See vonRosenberg v. Lawrence, 849 F.3d 163, 168 (4th Cir. 2017); Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463 (4th Cir. 2005). If the court determines that there are parallel actions, it must consider whether exceptional circumstances warrant declining jurisdiction. See Colo. River, 424 U.S. at 813; vonRosenberg, 849 F.3d at 167–68. Relevant factors include: "(1) jurisdiction over the property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law is implicated; and (6) whether the state court proceedings are adequate to protect the parties' rights." Gannett Co. v. Clark Constr. Grp., Inc., 286 F.3d 737, 741 (4th Cir. 2002); see Great Am. Ins. v. Gross, 468 F.3d 199, 207–08 (4th Cir. 2006).

Actions are parallel under Colorado River if "substantially the same parties litigate substantially the same issues in different forums." Chase Brexton, 411 F.3d at 464 (quotation omitted); see vonRosenberg, 849 F.3d at 168; Great Am. Ins., 468 F.3d at 208. "[E]ven state and federal claims arising out of the same factual circumstances do not qualify as parallel if they differ in scope or involve different remedies." vonRosenberg, 849 F.3d at 168.

Here, there is no underlying parallel action. Dunnagan did not file an action in state court. Moreover, the Thai and Italian actions concern the ultimate issue of custody. In contrast, this action concerns whether A.V.A.B. was wrongfully removed from Thailand under ICARA and the Hague Convention. See [D.E. 1]. Although based in the same factual circumstances, the remedies at issue do not overlap. Without an underlying parallel action, the court has "no duty to examine the various abstention factors." Al-Abood ex rel. Al-Abood v. El-Shamari, 217 F.3d 225, 233 (4th

4

Cir. 2000). Thus, the court declines to abstain under Colorado River. See Karpenko v. Leendertz, 619 F.3d 259, 262 n.1 (3d Cir. 2010); Gaudin v. Remis, 415 F.3d 1028, 1034 (9th Cir. 2005), abrogated on other grounds by Golan v. Saada, 596 U.S. 666 (2022); Holder v. Holder, 305 F.3d 854, 867–68 (9th Cir. 2002); Lops v. Lops, 140 F.3d 927, 942–45 (11th Cir. 1998); Biel v. Bekmukhamedova, 964 F. Supp. 2d 631, 636–38 (E.D. La. 2013); Rodriquez, 191 F. Supp. 2d at 694–95.

Even if Dunnagan had filed a North Carolina custody action, courts generally agree that abstention is improper when considering a wrongful removal petition. See, e.g., Karpenko, 619 F.3d at 262 n.1; Barzilay v. Barzilay, 536 F.3d 844, 849–53 (8th Cir. 2008); Yang v. Tsui, 416 F.3d 199, 202–04 (3d Cir. 2005); Gaudin, 415 F.3d at 1034; Holder, 305 F.3d at 867–72; Silverman v. Silverman, 267 F.3d 788, 792 (8th Cir. 2001); Lops, 140 F.3d at 942–45; Biel, 964 F. Supp. 2d at 635–38; Rodriquez, 191 F. Supp. 2d at 692–94; cf. Cantor v. Cohen, 442 F.3d 196, 200 & n.5 (4th Cir. 2006). Accordingly, the court denies Dunnagan's motion for abstention.

III.

In sum, the court DENIES respondent's motion for abstention [D.E. 9].

SO ORDERED. This 29 day of April, 2025.

JAMES C. DEVER III
United States District Judge